## CONE v. CONE.

Circuit Court, Dade County.
March 17, 1953.

Eugene A. Williams of Roth & Williams, Miami, withdrawing January 21, 1953, Milton A. Wasman, Miami, for defendant father.

John C. Sullivan, Miami, withdrawing October 21, 1952, Ralph H. Ferrell of Redfearn & Ferrell, Miami, for Mrs. Evans, intervenor.

STANLEY MILLEDGE, Circuit Judge.

The decree of divorce, in July, 1950, awarded to Mrs. Cone custody of the two adopted children, now 11 and 8 (one adopted at age 2, the other at birth), pursuant to an agreement between the parties, by which Mr. Cone conveyed the home place to Mrs. Cone. During the next two years Mrs. Cone voluntarily left the children with Mr. Cone for a considerable period, indicating her opinion of his fitness to have the children.

In June, 1952, Mrs. Cone, with a friend, took a motor trip to Alaska during which she was killed accidentally. On her way she had left the children with her foster mother, Mrs. Evans, in Leesburg. In August, 1952, Mr. Cone petitioned for modification of the decree awarding custody of the children to him. Mrs. Evans was permitted to intervene.

She did not allege that Mr. Cone was an unfit custodian, nor did she prove this. I found him to be fit. She merely alleged that her foster daughter had requested that custody be awarded Mrs. Evans, in event of Mrs. Cone's death, and the mutual affection between Mrs. Evans and the children.

I heard the testimony including that of the boy, about 11, and observed both children. I did not conclude that Mrs. Evans who lives with her elderly sister was unfit, although she is quite old (73) for the task of raising children, and it was plain that she was turning the children against the father.

Fitness to rear children is purely relative so probably few parents are perfect. The choice of custody is always between available alternatives. The contest between Mr. Cone and Mrs. Evans was between a father and a stranger since Mrs. Evans is not related to the children, nor has she adopted them as has Mr. Cone. The contest is between a father and a legal stranger. I have always assumed that "the welfare of the child" is a criterion when the contest for custody is between persons having a legal right. Until the Supreme Court of Florida decided otherwise in this case, I thought that if there were only one parent living, he had to be proven unfit before a court could take away his children, especially in favor of one not related.

It is a very disturbing doctrine that a parent, although fit, may lose custody of his children to any applicant whom a court thinks will do a better job of rearing the children. The doctrine is the more disturbing because there is no established standard of child rearing compliance with which could be known to satisfy the court. In this case, the Supreme Court's reasons for its decision stresses the material disadvantages of the father; his small living quarters and his necessity to be away all day at work. The other deficiencies mentioned were that the father took the children to the beach or to the movies on Sunday and the present preference of the children to stay in Leesburg. By these standards, there must be thousands of parents in this area in jeopardy of losing custody of their children.

After awarding the children to Mrs. Evans, to a considerable extent on the basis of her superior material facilities, the Supreme

Court directs me to require Mr. Cone to pay to Mrs. Evans the support money which I think is fitting and proper. His lack of wealth has already been cited against him. He should be permitted a chance to accumulate sufficient means so that he can provide as big a house and yard as Mrs. Evans has. I recognize the duty of the trial judge to obey the mandate of a superior court, but since the Supreme Court has allowed me to retain a residue of discretion, I wish to exercise it.

Mrs. Evans, in addition to wanting Mr. Cone to support the children, wants me to award her lawyers a fee. There seems to be no limit to what Mrs. Evans wants of Mr. Cone.

The testimony of Mrs. Evans, supplemental to the Supreme Court decision was taken in Leesburg, for reasons which do not appear. At any rate, it has been read and considered. I had no need to take the testimony of Mr. Cone—I already know his financial condition.

For the reasons stated, it is ordered that the petition for an order requiring Mr. Cone to pay money for the support of the children and for counsel fees, is denied.